Jon HILL,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4589)

Trial was held December 2, 2003, in the courtroom of the Oregon Tax Court, Salem.

Jon Hill, Plaintiff (taxpayer), filed motions *pro se* but did not appear at trial.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered June 30, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Plaintiff (taxpayer) instituted this suit, challenging actions of Defendant (the department), which denied credit against taxpayer's personal income tax liability for wage withholdings purportedly made by Allo Dental, Inc. Taxpayer has attempted to dismiss his complaint. The department asserts that it is entitled to an award of damages under ORS 305.437 and an award of attorney fees under ORS 20.105.[1]

## II. FACTS

Following the filing of taxpayer's complaint in the Magistrate Division, the department became aware of facts indicating taxpayer might have created certain documents to support his claim and tendered those documents to the department and this court. The department then served taxpayer with a request for admissions, to which he interposed objections.

The request for admissions gave notice of the department's concern about questionable behavior by taxpayer, who has admitted to the court that he was the sole shareholder and controlling officer of Allo Dental, Inc., at all relevant times. On August 14, 2002, the department filed a motion with the Magistrate Division for leave to amend its answer so as to claim damages and attorney fees. A form of amended answer was attached to the motion. The amended answer was filed on August 14, 2002. That filing, done before action on the motion for leave to file, appears to be out of order.

On August 15, 2002, the department filed a motion for special designation of this matter to the Regular Division. One of the bases for the department's request was its plan to

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

request letters rogatory to obtain certain information from a bank located in a foreign country, on which checks for payment of income tax withholdings had purportedly been drawn. The department sought to avoid having to issue such letters twice, as might be required if special designation was not granted. The petition for special designation was granted.

On August 26, 2002, having never responded to the department's motion for leave to amend its answer, taxpayer tendered to this court a document entitled "Plaintiff Wishes to End Appeal." On August 30, 2002, the department objected to any dismissal of this matter, asserting that it had raised counterclaims under TCR 54 A, which prevented unilateral dismissal by taxpayer.

This court continued in attempts to deal with the case. However, taxpayer then began a course of evasive conduct, which the court concludes constituted an attempt to avoid or evade this court's communications to him and this court's jurisdiction over him. In April 2003, taxpayer retained counsel through whom he continued to insist that his earlier attempts to dismiss his case had been successful. At a case management conference, in which taxpayer and his counsel participated, taxpayer assured the court of his address for notice and undertook to promptly advise the court if that address changed.

A trial in this matter was scheduled for December 2, 2003. On October 23, 2003, counsel for taxpayer filed notice of intent to withdraw from his representation of taxpayer. The scheduled trial occurred, although neither taxpayer nor any representative appeared.

At the trial, the department introduced substantial evidence that documents tendered to it and to this court by taxpayer were not genuine. In particular, "checks" that were supposedly used to make income tax withholding payments by Allo Dental, Inc., were purportedly drawn on a foreign bank, which does not provide checking accounts to its customers. These checks were signed by the taxpayer. He tendered them to the department and this court as evidence that withholdings had been paid to the department for which he should receive credit in the determination of his personal

income tax liability. Further, plaintiff tendered letters to the department and this court that purported to be from a representative of the foreign bank, confirming payment by the bank of those checks. That representative, a credible witness, testified she never wrote such letters.

In the course of this matter taxpayer has filed objections to requests for admission that were relevant to the question of ORS 304.437 damages as well as the underlying tax liability. Taxpayer's objections were found to be insufficient. The court also finds there to be substantial evidence that he wrongfully attempted to avoid service of court communications.

### III.  ISSUES

Is taxpayer liable for damages under ORS 305.437 and attorney fees under ORS 20.105 and the rules of court?

### IV.  ANALYSIS

■  Whether his attempt to dismiss his case was or was not completed before the department asserted counterclaims in this matter, taxpayer cannot escape potential responsibility for payment of damages and fees. This is so because even when a matter is dismissed pursuant to TCR 54 A(1), any judgment of dismissal "may include any costs and disbursements, including attorney fees, provided by rule or statute." TCR 54 A(3).

■■  The relevant statutes permit an award of damages and fees when the taxpayer's position is frivolous or groundless and the department is the prevailing party. These statutory provisions would survive a successful motion to dismiss. The court concludes that in this matter the department is the prevailing party. Prior to or at the time of his attempt to dismiss, taxpayer paid to the department all tax amounts the department asserted to be due.[2]

---

[2] Initially the department appears to have proceeded against taxpayer both with respect to his individual income tax liability and on the basis that he was an officer of Allo Dental, Inc., with responsibility for its failure to properly withhold funds. At this point taxpayer has conceded any claim to a refund for tax amounts he has paid and the only items remaining in contention are damages and fees.

A position is frivolous where there is no "objectively reasonable basis for asserting the position." ORS 305.437(2). Taxpayer's position was that he had no tax liability, and indeed had a right to a refund for the years at issue. The court finds that taxpayer's position was based on documents he created or caused to be created and that he submitted to the department and this court when he knew that they were not genuine. Such a position does not have an objectively reasonable basis and is groundless.

■ TCR 45 C provides for an award of reasonable expenses to a party that has had to request the court to compel discovery. The department requested an award of fees and taxpayer had, but failed to participate in, an opportunity to be heard on the matter. Taxpayer's attempt to dismiss his case does not vitiate the rights of the department.

## V. CONCLUSION

The department is entitled to damages under ORS 305.437 in the amount of $5,000 and is entitled to recover attorney fees in this matter under ORS 20.105. The award of attorney fees shall also include attorney fees incurred in connection with taxpayer's failure to comply with discovery requests.

IT IS ORDERED that Plaintiff's Complaint is dismissed, and

IT IS FURTHER ORDERED that the Department of Revenue is awarded damages in the amount of $5,000, and

IT IS FURTHER ORDERED that the Department of Revenue is awarded its reasonable attorney fees.