No. 60          July 17, 2012          547

## IN THE OREGON TAX COURT
## REGULAR DIVISION

### FEDEX GROUND PACKAGE SYSTEM, INC.,
*Plaintiff,*

*v.*

### DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4923 & 4924)

Plaintiff (taxpayer) appealed notices of deficiency assessment from Defendant (the department) as to withholding tax, and sought a judgment with regard to the status of its service providers on the issue of whether they were employees or independent contractors. At a preliminary status hearing, the department announced that it had abated the assessment and filed a motion to have the case dismissed as moot. Taxpayer objected to the motion, requested a ruling declaring taxpayer's service providers were independent contractors, and moved for a hearing as to award of attorney fees. Granting the department's motion to dismiss and denying taxpayer's motion for fees, the court ruled that the department's abatement meant that any further proceedings in the matter would have no effect on the tax liability of taxpayer for the tax year at issue, and therefore the matter was no longer justiciable.

Oral argument on Defendant (the department)'s motion to dismiss was held January 9, 2012, in the courtroom of the Oregon Tax Court, Salem.

Larry J. Brant and David L. Canary, Garvey Schubert Barer PC, Portland, filed the response and argued the cause for Plaintiff (taxpayer).

Sheila H. Potter, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered July 17, 2012.

### HENRY C. BREITHAUPT, Judge.

This matter is before the court on the motion of Defendant Department of Revenue (the department) to dismiss this case. Plaintiff (taxpayer) opposes the motion.

This case was specially designated to the Regular Division. Thereafter discovery and motions were dealt with and the parties proceeded to prepare for trial in January of

this year. The issue for trial was the status of some of the persons who drive and deliver packages in connection with taxpayer's business. The department asserted that these persons were employees. Taxpayer asserted that these persons were independent contractors. The tax assessment at issue was for the 2008 tax year.

The parties and the court acknowledged that the status of each individual driver was or could be at issue as the question of the status of a driver would or could depend on the particular facts and agreements applicable to that driver individually. Nonetheless, the parties were preparing to proceed to trial on a sample of such drivers. The parties told the court that the outcome of that trial could well lead to settlement of the disputes about other drivers covered by the assessment.

On November 9, 2011, at a hearing called to consider other matters, the department announced that it had abated the assessment and would take no action to renew the assessment for the 2008 year. The department has supported this assertion with a declaration submitted in connection with the motion it filed to have this case dismissed as moot.

In its opposition to the motion to dismiss filed by the department, taxpayer did not insist on a trial or object to the abatement. It, in effect, accepted the "surrender" of the department but urged the court to proceed with a hearing to allow it to establish that there is a factual basis for its claim for attorney fees. Taxpayer also seeks a ruling from this court that all of taxpayer's service providers, not just the service providers in question in this case, were independent contractors. Perhaps recognizing that its requested relief— determination that the assessment was invalid in whole or in part—has been practically obtained, taxpayer also moves for leave to amend its complaint to request declaratory relief in respect of the 2008 year.

The department first asserts that its actions have rendered this case moot and non-justiciable. In support of this position the department relies on *Numrich v. Dept. of Rev.*, 17 OTR 402 (2004). The department also relies on other

Oregon cases in which cases have not survived a mootness challenge on the basis that attorney fee awards might be available. *See Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987); *Keeney v. University of Oregon*, 178 Or App 198, 36 P3d 982 (2001); *Charles Wiper Inc. v. City of Eugene*, 235 Or App 382, 232 P3d 985 (2010).

This court has consistently held that where there is no possibility of a practical effect on the tax liability of a taxpayer, a case is rendered non-justiciable such that the court is divested of jurisdiction.[1] This was true not only in *Numrich*, but is also a rule consistently applied in property tax cases arising under Measure 50 where the real market value position asserted by a taxpayer, even if correct, would lead to no actual current reduction in the tax on the property. *See, e.g.*, *Paris v. Dept. of Rev.*, 19 OTR 519 (2008). In this case, the abatement effected by the department and its undertakings presented to the court lead to the conclusion that any further proceedings in this matter will have no effect on the tax liability of taxpayer for the year that is at issue in this case.[2]

The rulings of this court are fully consistent with the governing precedent of *Kay*. *Kay* applies directly and taxpayer has cited no Oregon case indicating otherwise. In *Kay*, the relief requested was no longer practically available at the time the trial court entered its judgment, either on the merits or on a fee award. *Kay*, 303 Or at 579. The Oregon Supreme Court concluded the trial court should have dismissed the case. *Id.*

---

[1] The decisions often speak in terms of a plaintiff not having standing under the statutes that support the jurisdiction of this court. That distinction is, however, one without a difference as lack of standing has the same jurisdictional effect as mootness. *See* Henry C. Breithaupt and Jill A. Tanner, *The Oregon Tax Court at Mid-Century*, 48 Willamette L Rev 147, 156 (2011).

[2] The parties and the court have recognized throughout this proceeding that the only liability before the court is that for tax year 2008. The court cannot and will not consider what may, or may not, be true for later or different years. Those questions are simply not before the court. Additionally, the facts and law for other periods may be different. The issue in this case is inherently factual—a reality that also leads the court to conclude that this is not a case where anyone could conclude that any wrong, even if one existed, would be capable of repetition or would have collateral consequences. In any event, Oregon does not follow the rule of "capable of repetition but evading review." *Yancy v. Shatzer*, 337 Or 345, 363, 97 P3d 1161 (2004).

Taxpayer argues that the decisions of this court in *Ellison v. Dept. of Rev.*, 20 OTR 256 (2011) and *Hill v. Dept. of Rev.*, 17 OTR 409 (2004) support a conclusion that the court can continue to address the attorney fees matter. They do not. *Hill* was an attempt by a plaintiff to dismiss a case after a counterclaim had been pleaded. *Hill*, 17 OTR at 411. The rules of the court do not permit unilateral dismissal in such situations. *See* TCR 54(A)(1). That is a different posture than presented in this case. *Ellison* presented a similar situation in which the plaintiff's motion to dismiss was denied as being untimely. *Ellison*, 20 OTR at 257. Neither *Ellison* nor *Hill* is a basis for this court to act in contravention to the clear rule of *Kay*.

Even if the court remained with jurisdiction to continue with this case, the court sees no reason why the motion to amend the complaint should be granted. Again, any such amendment could, at most, raise the question of the status of the workers as to the 2008 year—the very questions that have now been conclusively resolved. Facts or law as to other periods are not before the court and may not ever be before the court.

Finally, even if the court had jurisdiction to consider an attorney fee award, the sources of legal right to such fees upon which taxpayer relies require either an unreasonable position to have been taken by the department, some disobedience of an order by the department, or some false statement or improper behavior by counsel for the department. Nothing that has so far occurred in this litigation objectively supports a finding that any of these predicate facts or actions is present or has occurred.[3]

The court sees no objective basis for a conclusion that anything it or its counsel did in this case was improper. Taxpayer, however, requests a hearing be held for the purpose of establishing that the purposes of the department in abating the assessment at issue were improper. That action is not warranted. This case involves a relatively common

---

[3] Taxpayer has asserted that its efforts in resisting the department led to the abatement and therefore it is entitled to a fee award. Oregon does not however follow that so-called "catalyst" doctrine. *Clapper v. Oregon State Police*, 228 Or App 172, 206 P3d 1135 (2009).

dispute between persons in the position of taxpayer and revenue or other departments of government. The matters are inherently and intensively factual. Critical facts develop over time. Parties must evaluate their litigating positions as facts develop. In the face of developing or developed facts and, perhaps, other factors, a party may decide to "fold." Absent a provision in a statute or the rules of the court that prevent that, such as existed in *Ellison* and *Hill*, a party is permitted to take the action the department took.[4]

The motion to dismiss filed by the department is granted. Counsel for the department is directed to prepare an appropriate form of judgment or advise the court if the form previously supplied is the form to be considered by the court. Now, therefore,

IT IS ORDERED that Defendant Department of Revenue's Motion to Dismiss All Claims as Moot is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees is denied.

---

[4] Further, the court cannot imagine that the quest on which taxpayer hopes to embark would not run immediately and continually into evidentiary problems related to evidentiary privileges. The court sees no purpose, or requirement, to embark on such a quest.