Argued and submitted August 23, 2012, appeal dismissed as moot April 3, petition for review denied July 3, 2013 (353 Or 787)

Charles KRISOR,
*Plaintiff-Appellant,*

*v.*

Ed HENRY,
Junior Gabriel, Winsome Wells, George Jaska,
and Ken Kestner, in their official capacity as
Lake County Fair Board Members,
*Defendants-Respondents.*

Lake County Circuit Court
090185CV; A146782

300 P3d 199

Michael W. Franell argued the cause and filed the briefs for appellant.

Robert E. Franz, Jr., argued the cause for respondents. On the briefs was Elizabeth S. Moseley.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Plaintiff challenged the Lake County Fair Board's decision to hire a man named Dwayne Haffner for a position as a maintenance technician because, according to plaintiff, the decision occurred at a meeting held in violation of Oregon's public meetings laws. ORS 192.610 - 192.690. The trial court granted defendants' motion for summary judgment on the ground that plaintiff filed the action after the 60-day statute of limitations had run. ORS 192.680(5). Because we conclude that the action was moot at the time of trial, we dismiss the appeal without reaching the statute of limitations issue.

The relevant facts are few and undisputed. In July 2008, a Lake County local newspaper published an advertisement notifying readers that the Lake County Fair Board was seeking a full-time maintenance technician for a position at the fairgrounds. Plaintiff applied for the position, but he was not one of the finalists who was chosen for an interview. Instead, the board hired Haffner. There is no record of the board meeting where Haffner was hired, but his appointment was announced at a July 29, 2008, meeting of another board, the Lake County Board of Commissioners, and published in that board's minutes. Plaintiff learned of Haffner's appointment on August 1, 2008.[1] At some time more than 60 days after the July 29 announcement, plaintiff commenced this action. Before it came to trial, however, Haffner's employment relationship with the fair board ended; at the time of trial, he was no longer employed by that entity.

Plaintiff's operative complaint alleged that, in hiring Haffner, the board violated ORS 192.640, which requires public notice of any governing body's meetings, and that he was therefore entitled to challenge the decision in court and, if successful, void it, under ORS 192.680:

"(1) A decision made by a governing body of a public body in violation of ORS 192.610 to 192.690 shall be voidable. * * *

---

[1] Suspecting that the appointment process was improper, plaintiff filed a complaint with the Oregon Government Ethics Commission. That complaint and its outcome are not relevant to this case, but figure in *Krisor v. Lake County Fair Board* (A149432), currently under advisement in this court.

"(2)   Any person affected by a decision of a governing body of a public body may commence a suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing body.

"(3)   Notwithstanding subsection (1) of this section, if the court finds that the public body made a decision while in violation of ORS 192.610 to 192.690, the court shall void the decision of the governing body if the court finds that the violation was the result of intentional disregard of the law or willful misconduct by a quorum of the members of the governing body, unless other equitable relief is available. The court may order such equitable relief as it deems appropriate in the circumstances. The court may order payment to a successful plaintiff in a suit brought under this section of reasonable attorney fees at trial and on appeal, by the governing body, or public body of which it is a part or to which it reports.

"* * * * *

"(5)   Any suit brought under subsection (2) of this section must be commenced within 60 days following the date that the decision becomes public record."

As relief, plaintiff sought "judgment against Defendants as follows":

"a.   The decision to hire Dwayne Haffner be declared void.

"b.   That Plaintiff be awarded his costs and disbursements incurred herein.

"c.   That Plaintiff be awarded reasonable attorney fees pursuant to ORS 192.680[(3)]."

Defendants moved for summary judgment on three grounds: that plaintiff lacked standing because, having been eliminated from contention before the fair board meeting, he was not affected by any "decision" made at the allegedly improper meeting; that the case was moot because the only relief that plaintiff sought—voiding the decision to hire Haffner—had occurred, so there was nothing for the court to "void"; and

that plaintiff commenced the challenge more than 60 days after the decision became public record. The court rejected the first two arguments, but concluded that the third was well taken. In a letter opinion, the court stated, "[I]t is clear that on July 29, 2008, Commissioner Ken Kestner reported in a public meeting in which minutes are available that the new fair manager and new grounds maintenance person had been hired and identified those persons in the meeting." This appeal ensued.

Plaintiff's primary argument on appeal is that the term "public record" in ORS 192.680(5), in requiring that a suit challenging a decision made at an allegedly improper public meeting be "commenced within 60 days following the date that the decision becomes *public record*," refers to the public record of the allegedly improper meeting itself, and not the public record of some other body. Thus, he argues, because the fair board has never published minutes from the meeting where Haffner was hired, the statute of limitations has not yet begun. Defendants argue in favor of a broader definition of "public record," pointing out that, if plaintiff is correct, there would in effect be *no* time limit in cases such as this one where the challenge seeks to void a decision because of an improper public record of the meeting where the decision occurred.

We need not decide that dispute, however, because we conclude as a preliminary matter that, as defendants argue on a cross-assignment of error, the case is moot. *See Keeney v. University of Oregon*, 178 Or App 198, 204-05, 36 P3d 982 (2001), *rev den*, 334 Or 327 (2002) (treating mootness as threshold issue). A case becomes moot when "a court's decision no longer will have a practical effect on or concerning the rights of the parties." *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993). In the present case, the only relief that plaintiff sought (and, therefore, the only relief the court could have provided) was voiding the appointment of Haffner and awarding plaintiff his costs and attorney fees. Thus, granting plaintiff the substantive relief that he requested— voiding the decision to hire Haffner—would have had no practical effect on plaintiff's rights; presuming he had a right to have Haffner, as it were, unhired, that event had

already occurred and the court could have provided no additional substantive relief. Nor did the prayer for costs and attorney fees save the case from mootness. Where a case has become moot before entry of judgment, the entire case, including attorney fees, is moot. *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 578, 738 P2d 1389 (1987), *cert den*, 484 US 1032 (1988) (attorney fee issue insufficient to preserve justiciability where case mooted before entry of judgment); *Keeney*, 178 Or App at 205-06.

Plaintiff argues that the case is nonetheless justiciable because there is a reasonable expectation that the alleged violation will recur. If by that he means that there is a reasonable expectation that the fair board will rehire Haffner, we disagree, because there is absolutely nothing in the record to support that assertion. If, on the other hand, he means that there is a reasonable expectation that the fair board will continue to make decisions in improperly noticed meetings, we reject that argument as well. Plaintiff could continue to prosecute this governmental action despite its mootness only if he meets three criteria: (1) he has standing, (2) the board's allegedly unlawful activity is capable of repetition, and (3) "[t]he challenged policy or practice, or similar acts, are likely to evade judicial review in the future," ORS 14.175.[2] Unlike actions challenging governmental acts that, by definition, expire after a relatively short time period, the present action challenges an unlawful appointment. There is no reason to believe that, in the future, even if the board continues to make appointments in improperly noticed meetings, the appointments will predictably terminate before a challenge could be fully adjudicated. In other words, the statutory "capable of repetition yet evading review" doctrine does not apply to this case.

Appeal dismissed as moot.

---

[2] In *Yancy v. Shatzer*, 337 Or 345, 363, 97 P3d 1161 (2004), the Supreme Court held that the judicial power under the Oregon Constitution does not encompass adjudicating cases that are moot but "capable of repetition yet evading review." The legislative assembly enacted ORS 14.175 apparently in response to *Yancy*. Or Laws 2007, ch 770, § 1. This case does not require us to decide whether ORS 14.175, by purporting to create a justiciable controversy where the Supreme Court has held that no such controversy exists, is constitutional.