198        September 29, 2015        No. 20

IN THE OREGON TAX COURT
REGULAR DIVISION

EXPEDIA, INC., et al.,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5196)

Following Plaintiffs' (taxpayers') voluntary dismissal of the case, Defendant Department of Revenue (the department) sought an award of attorney fees under ORS 20.105 on the ground that during the initial litigation, taxpayers had no objectively reasonable basis for taking the position they took as to the proper construction of the statute. Denying the department's application for fees, the court ruled that as the liability for tax under the statute was a question of first impression under a recently amended statute, the court could not conclude that maintaining the case for the purpose of determining the proper construction of the statute was objectively unreasonable. The court further ruled that the department was in effect claiming that when it expends funds in asserting a position that ultimately leads to surrender through dismissal, it must be awarded fees, but that in previous situations, the department itself had engaged in such behavior and had not been required to pay the fees of a party that had to resist positions that the department strenuously asserted but ultimately abandoned.

Submitted on Defendant's Statement of Attorney Fees and Costs and Disbursements.

Per A. Ramfjord, Stoel Rives LLP, Portland, filed objections to Defendant's statement of fees.

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the statement of fees.

Decision for Plaintiffs rendered September 29, 2015

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the application by Defendant Department of Revenue (the department) for an award of attorney fees.

Plaintiffs (taxpayers) are online travel companies. Oregon has a transient lodging tax statute. That statute was recently amended to extend the tax obligation to "transient lodging intermediaries," defined as those facilitating

the retail sale of transient lodging and charge for occupancy of the transient lodging.

Taxpayers filed this action to raise the question of whether the statute, as amended, applied to them. Pretrial proceedings then occurred with settlement discussions following. The department views those discussions as having resulted in surrender. Taxpayers view them as discussions of a settlement contingent on several matters, including minimizing the effect of any settlement on the position taxpayers were maintaining in disputes in other jurisdictions. Then taxpayers voluntarily dismissed their claims.

The department now seeks an award of attorney fees under ORS 20.105 on the ground that taxpayers had no objectively reasonable basis for taking the position they took as to the proper construction of the statute.[1]

Considering that the liability for tax under the statute was a question of first impression under a recently amended statute, this court cannot say that maintaining a case for the purpose of determining the proper construction of the statute was objectively unreasonable. The department asserts that there is no question as to the proper construction of the statute. However, parties on both sides of contested cases often believe that, only to be sorely disappointed when full litigation actually occurs.

Additionally, while the department views taxpayers as having reneged on a settlement, taxpayers assert that the settlement in principle required further discussion of material structural points. This court does not have a record upon which to determine which view is correct.

This court is unwilling to, in effect, have the numerous differences in construction of the transient lodging statute present in this case litigated in the context of a Tax Court Rule 68 proceeding.

Finally, the department in effect is claiming that when it has expended sums in asserting a position that ultimately leads to surrender through dismissal, it must be awarded fees. But the department itself has engaged in

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

such behavior and, albeit for different reasons, has not been required to pay the substantial fees of a party that had to resist positions that the department strenuously asserted but ultimately abandoned. *See FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547 (2012).

The department's application for an award of fees and other items under ORS 20.105 is denied. Now, therefore,

IT IS ORDERED that Defendant's application for attorney fees is denied.