IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DESCHUTES COUNTY ASSESSOR,           )
                                     )
            Plaintiff,               )    TC-MD 150066D
                                     )
       v.                            )
                                     )
WWC INVESTMENTS, LLC, CLYDE W.       )
PURCELL INVESTMENTS, LLC,            )
and MLP INVESTMENTS, LLC             )
                                     )
            Defendants.              )    **FINAL DECISION OF DISMISSAL[1]**

This matter came before the court on Plaintiff's Motion to Withdraw, filed

January 12, 2017. Plaintiff appealed from an Order of the Deschutes County Board of Property

Tax Appeals (BOPTA) reducing the real market value of property identified as Account 101068

for the 2014-15 tax year. On April 9, 2015, the court granted the parties joint motion to hold this

case in abeyance pending the outcome of *Department of Revenue v. River's Edge Investments,*

*LLC,* TC 4962, S062829. That case was resolved in August 2016. Accordingly, the court

removes this case for abeyance.

On November 9, 2016, the parties filed a proposed Stipulated Judgment and Order

(Stipulation). The court had several concerns with the Stipulation. First, the case caption stated

that Plaintiff was River's Edge Investments, LLC, and it was signed by representatives of River's

Edge Investments, LLC. River's Edge Investments, LLC, is not a party to this case. Second, the

total real market value agreed to by the parties equals the total real market value found by

BOPTA.

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered January 18, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

The court lacks jurisdiction where the relief requested by a party would not affect tax liability. *See* ORS 305.275(1); *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 549 (2012) ("This court has consistently held that where there is no possibility of a practical effect on the tax liability of a taxpayer, a case is rendered non-justiciable such that the court is divested of jurisdiction.")

On November 29, 2016, the court sent a letter to the parties who signed the Stipulation requesting clarification on these issues. The court did not receive a response to that letter. On January 9, 2017, the court sent a second letter to the representatives of record. On January 12, 2017, Plaintiff filed a motion to withdraw its appeal.[2] Upon consideration, the court finds that this case must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this appeal is reactivated.

IT IS FURTHER DECIDED that Plaintiff's appeal is dismissed.

Dated this ___ day of February 2017.

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on February 6, 2017.***

---

[2] On January 12, 2017, the same day that Plaintiff filed its withdrawal, the court received a revised Stipulated Judgment and Order (revised Stipulation). The parties' revised Stipulation was signed by persons purporting to represent parties to this case, however, it did not change the real market values requested. As discussed above, the court lacks jurisdiction where the values requested would result in no change.