IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DALE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 190192N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter came before the court on Defendant's Motion to Dismiss (Motion) filed, July 9, 2021, requesting dismissal of Plaintiff's Complaint because Defendant has abated the 2015, 2016, and 2017 Lane Transit Self-Employment tax assessments that were the subject of the appeal. Plaintiff agrees with the Motion but requests an award of costs and disbursements.

A.     *Procedural Background and Motion to Dismiss*

Plaintiff filed his Complaint on April 29, 2019, challenging Notices of Assessment issued for the 2015, 2016, and 2017 tax years. In addition to challenging the tax assessments, Plaintiff asserted tort, notice, and constitutional claims, which the court dismissed in its Order Granting Defendant's Motion to Dismiss or Strike Portions of the Complaint and to Make the Complaint More Definite and Certain, entered September 24, 2019. The court concluded that it could hear Plaintiff's challenges to the tax assessments. The court dismissed Plaintiff's constitutional and notice claims for failure to allege facts sufficient to constitute a claim. The court dismissed Plaintiff's tort claims as outside of the court's subject-matter jurisdiction.

The case proceeded with discovery. On January 21, 2021, Plaintiff retained counsel. Thereafter, the parties discussed settlement. On July 6, 2021, Defendant abated each of the notices of assessments at issue and moved to dismiss this appeal, asserting that the court lacks

DECISION OF DISMISSAL  TC-MD 190192N                                                                                              1

subject-matter jurisdiction over the appeal now that Plaintiff is no longer aggrieved. (Def's Mot at 2; Decl of Victoria Johnson.) Plaintiff agrees that the only claim pending before the court concerned Plaintiff's liability for the Lane transit tax and agrees that the case should be dismissed "because Defendant in essence has conceded that the assessments were without merit." (Ptf's Resp at 2, 6-7.) However, Plaintiff requests an award of costs and disbursements under Tax Court Rule-Magistrate Division 16. (*Id.* at 11.) Defendant replies that the court may not consider Plaintiff's request for costs and disbursements because the case is non-justiciable and the court lacks jurisdiction. (Def's Reply at 2.)

B.       *Whether the Court has Jurisdiction to Award Costs and Disbursements*

In support of its position that the court lacks jurisdiction to award costs and disbursements in this case, Defendant cites *FedEx Ground Package System, Inc. v. Dept. of Rev.,* 20 OTR 547, 549 (2012), in which the court stated that it had "consistently held that where there is no possibility of a practical effect on the tax liability of a taxpayer, a case is rendered non-justiciable such that the court is divested of jurisdiction." (*See* Def's Reply at 1-2.)

In *FedEx*, the original issue appealed concerned whether drivers were employees or independent contractors. *Id*. at 548. Following discovery and trial preparation, the department "announced that it had abated the assessment and would take no action to renew the assessment for the 2008 year." *Id*. The taxpayer accepted the department's "surrender," "but urged the court to proceed with a hearing to allow it to establish that there is a factual basis for its claim for attorney fees." *Id.* Taxpayer further sought to amend its complaint to include a new claim for a declaratory ruling from the court that would apply to drivers other than those involved in the specific litigation. *Id.* The department responded that the case was moot and non-justiciable, and the court agreed. *Id.* In declining to allow taxpayer to pursue declaratory relief, the court

explained that "[f]acts or law as to other periods are not before the court and may not ever be before the court." *Id.* at *2. It further observed that the issue was "a relatively common dispute" that was "inherently and intensively factual. Critical facts develop over time. Parties must evaluate their litigating positions as facts develop." *Id.* The court dismissed the case and denied taxpayer's motion for attorney fees. *Id.* at *3.[1]

In *Hoggard v. Dept. of Rev.*, TC 5336, 2019 WL 2406985 (Or Tax, Jun 7, 2019), this court affirmed the principle stated in *FedEx*: "When a case becomes moot, the consequence is that '*the entire case*, including attorney fees, is moot.'" *Id.* at *3 (citing *Krisor v. Henry*, 256 Or App 56, 60, 300 P3d 199 (2013).) In *Hoggard*, the taxpayers had appealed from a county's omitted property assessment. The department conceded that the assessment was ineffective because it did not follow the statutorily required notice procedures. Based on that concession, the department moved to dismiss the case as moot notwithstanding the taxpayers' request for attorney fees. *Id.* The court applied a discretionary exception to the mootness doctrine found in ORS 14.175, under which a party alleging that an act, policy, or practice of a public body

> "is unconstitutional or is otherwise contrary to law * * * may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that: (1) The party had standing to commence the action; (2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and (3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

*Id.* at *3-4 (quoting ORS 14.175). The court found the statutory exception applied because the

---

[1] In *FedEx*, the taxpayer argued it was entitled to a fee award under the "catalyst theory" because "its efforts in resisting the department led to the abatement." 20 OTR at 550, n3 Under the catalyst theory, "where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a 'prevailing party' [for purposes of attorney fees and costs] if [the] suit is a 'catalyst' for the defendant's voluntary compliance." *Clapper v. Oregon State Police*, 228 Or App 172, 179, 206 P3d 1135 (2009). In rejecting the taxpayer's argument in *FedEx*, this court explained that "Oregon does not * * * follow that so-called 'catalyst' doctrine." *FedEx*, 20 OTR at 550, n3 (citing *Clapper*, 228 Or App at 178-79).

county had disregarded advice from its counsel and the department concerning the faulty notice and instead pursued a timeliness defense against taxpayers. *Id*. at *4-5. The court also observed that the county had not clearly renounced is practice of issuing a single notice contrary to law. *Id*. at *5. Ultimately, the court concluded that the county's practice of issuing a single notice was likely to evade judicial review because it gives an incorrect appeal deadline, an error that often impacts self-represented taxpayers (homeowners) who may give up. *Id*.

Here, Plaintiff has not expressly asked the court to apply the exception found in ORS 14.175, though Plaintiff alleged that Defendant applied an incorrect legal standard that forced Plaintiff to appeal. (Ptf's Resp at 2, 5-6.) Specifically, Plaintiff identified five erroneous bases upon which Defendant relied to assert that Plaintiff was required to file returns:

1) "If you are preforming [*sic*] any work at your home in the district you would be subject to the tax. This includes, any administrative tasks i.e. scheduling appointments with clients, booking airline flights and hotel accommodations for your trips, bookkeeping, answering emails, etc."

2) "It doesn't matter where your clients are but where you are doing your work."

3) "Amounts received for services are included in the district to the extent the services are delivered to a location in the district."

4) "Administrative duties would be considered an activity in the regular course of the taxpayer's trade or business. If the taxpayer is performing administrative duties within the district; this is where the income producing activity is taking place."

5) Based on Plaintiff's home office located within the transit district, Defendant "initially concluded that Plaintiff resides and conducts business within the Lane Transit District."

(*Id.* at 5-6 (citing Ptf's Exs 6, 7; Def's Mot to Strike).)

Plaintiff compared those statements to applicable law. (Ptf's Resp at 2-4.) Lane Transit District Ordinance 51 permits a taxpayer to elect apportionment using the single sales factor "computed in a manner consistent with ORS 314.665" and related regulations. (Def's Mot to

Strike, Ex B at 3.) For sales of personal services[2] during the tax years at issue[3], the sales are attributed to the Lane transit district if a greater proportion of the income-producing activity is performed in the district than outside the district, based on costs of performance. *See* ORS 314.665(4) (2015). "The term 'income producing activity' applies to each separate item of income and means the transactions and activity directly engaged in by the taxpayer in the regular course of its trade or business for the ultimate purpose of obtaining gains or profit." OAR 150-314.665(4)(2) (2015) "Costs of performance" is defined by reference to "direct costs," which "do not include costs that are not part of the income producing activity itself, such as accounting or billing expenses." OAR 150-314.665(4)(4) (2015). "[D]irect costs are those that are only incurred because the revenue producing transaction or activity in question occurred. * * * Stated otherwise, indirect costs [would be] incurred by taxpayer even if the transaction in question had not occurred." *AT&T v. Dept. of Rev.,* 20 OTR 299, 307 (2011) (summarizing the department's position, which the court found to have "a number of points in its favor").

Upon review, the court agrees with Plaintiff that Defendant may have unduly focused on some irrelevant factors during its prelitigation correspondence with Plaintiff. For instance, Defendant referred to administrative duties, such as bookkeeping, indicating that Defendant may have misunderstood costs of performance to include indirect costs. Defendant also referenced the standard of services "delivered to a location in the district," perhaps suggesting Defendant

---

[2] ORS 314.665(4) (2015) refers to "[s]ales, other than sales of tangible personal property" and refers to the state rather than the transit district.

[3] For tax years beginning on or after January 1, 2018, ORS 314.665(4) states that "[s]ales, other than sales of tangible personal property, are in this state if the taxpayer's market for sales is in this state * * *." Or Laws 2017, ch 549, §§3, 5. "In the case of the sale of a service," a taxpayer's market for sales is in this state "if and to the extent the service is delivered to a location in this state." *Id.* at §2; *see also* ORS 314.666(1)(c) (2017).

was looking to a 2017 amendment to the sales factor.[4]  However, as in *FedEx*, the apportionment of income based on costs of performance is "inherently and intensively factual" and the court expects the parties to evaluate and refine their litigating positions over time as they better understand the relevant facts.  The prelitigation correspondence between Plaintiff and Defendant occurred when Defendant had relatively few facts about Plaintiff's business to evaluate. Plaintiff's letters to Defendant include conclusory statements such as "I have neither done business nor provided services in the LTD area during the 2015 or 2016 tax years[,]" though he acknowledged his businesses were "domiciled in Lane County."  (Ptf's Resp, Ex 5 at 1.) Ultimately, this case resolved after discovery and Plaintiff's retention of counsel, each of which likely helped Defendant better understand the facts and refine its position.

Unlike in *Hoggard*, the court finds no clear act, policy, or practice of Defendant that is unconstitutional or otherwise contrary to law.  In *Hoggard*, the county had failed to send a statutorily required notice thereby misleading the taxpayers to believe that their time to appeal had expired.  Moreover, the county had continued its practice of sending faulty notices despite warnings from its counsel and the department.  Here, Plaintiff initially raised constitutional and notice claims based on Defendant's assessments, but the court dismissed those claims for failure to allege facts sufficient to constitute a claim.

The court understands Plaintiff's frustration at receiving letters demanding that he file returns when he correctly believed no such returns were due.  From the letters provided to the court, it is clear that Plaintiff responded to Defendant's letters and attempted to resolve the matter without filing an appeal.  However, as explained in the court's Order entered September 24, 2019, Defendant was permitted to require Plaintiff to file a return and, upon his failure to file,

---

[4] *See* (slip op at 4 n 2).

Defendant was required to "determine the tax according to the best of its information and belief[.]" (Or at 3-4, Sept 24, 2019 (citing ORS 314.370; ORS 305.265(10)(a)).)

C.    *Conclusion*

The parties agree that this case should be dismissed based on the relief Defendant provided by abating the assessments for the 2015, 2016, and 2017 tax years. Upon careful consideration, the court agrees with Defendant that the effect of Defendant's abatement is to render this case non-justiciable. The exception found in ORS 14.175 does not apply. The court may not consider Plaintiff's request for costs and disbursements. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

IT IS FURTHER DECIDED that Plaintiff's request for an award of costs and disbursements is denied.

Dated this _____ day of October 2021.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at https://www.courts.oregon.gov/courts/tax*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on October 21, 2021.*