IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

WALTER WOODLAND,               )
                               )
           Plaintiff,          )      TC-MD 220158R
                               )
    v.                         )
                               )
DEPARTMENT OF REVENUE,         )
State of Oregon,               )
                               )
           Defendant.          )      **DECISION OF DISMISSAL**

This matter came before the court on Defendant's Motion to Dismiss, alleging that Plaintiff's appeal is now moot because Defendant has reversed the assessment and agreed to pay Plaintiff's court filing fee. Plaintiff filed a response seeking a ruling that his rights under the Due Process Clause of the United States Constitution were violated and an award as follows: "costs incurred responding to the violation including actual costs and compensation for my time defending myself."

Defendant adjusted Plaintiff's 2020 return, determining a deficiency of $171 in interest on underpayment of estimated tax. After receiving Defendant's Notice of Adjustment, Plaintiff filed a written objection with Defendant. Before resolving that written objection, Defendant issued a Notice of Assessment. Plaintiff appealed to this court from that Notice of Assessment.

On review, Defendant stated that its Notice of Assessment had been issued "prematurely." (Def's Mot Dismiss at 2.) Defendant reversed that assessment and informed Plaintiff that he does not owe the $171. (Burgess Decl, Ex A at 1.) Furthermore, Defendant stated it would "reimburse Plaintiff $50.00 for the filing fee for this complaint." (Def's Mot Dismiss at 2.)

/ / /

In general, when a taxing authority abates a tax assessment appealed to this court, the case becomes moot and nonjusticiable. *FedEx Ground Package System v. Dept. of Rev.*, 20 OTR 547 (2012) (so holding where Department of Revenue had reversed assessment after discovery). "When a case becomes moot, the consequence is that '*the entire case*, including attorney fees, is moot.' " *Hoggard v. Dept. of Rev.*, TC 5336, 2019 WL 2406985 at *3 (Or Tax, June 7, 2019) (quoting *Krisor v. Henry*, 256 Or App 56, 60, 300 P3d 199 (2013)). Under such circumstances, the court may not consider a request for costs and disbursements. *Myers v. Dept. of Rev.*, TC–MD 190192N, 2021 WL 4902113 (Oct 21, 2021).

Even where the tax has been abated, under certain circumstances the court has discretionary authority to retain jurisdiction where "a party alleges that an act, policy or practice of a public body * * * is unconstitutional or is otherwise contrary to law[.]" ORS 14.175;[1] *Hoggard*, 2019 WL 2406985 at *3–*4. To retain jurisdiction, the court must determine that (1) the party had standing to commence the action; (2) either the challenged act is capable of repetition or the challenged policy or practice continues in effect; and (3) the "challenged policy or practice, or similar acts, are likely to evade judicial review in the future." ORS 14.175.

The present case became moot when Defendant abated its assessment and is thus subject to dismissal. *See FedEx*, 20 OTR at 547. Although Plaintiff has alleged unconstitutional activity on the part of Defendant, it does not appear that the challenged activity is part of a regular policy or practice, nor is it likely that similar future acts would evade judicial review. *See* ORS 14.175. To the contrary, Defendant states that it erred in issuing its Notice of Assessment before determining the written objection. If Defendant issued a notice of assessment under similar circumstances again, judicial review would be available under ORS 305.265(15): "Appeal may

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

be taken to the tax court from any notice of assessment." Retaining jurisdiction to decide Plaintiff's constitutional question is therefore unwarranted. *See* ORS 14.175.[2] Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss be and hereby is granted.

IT IS FURTHER DECIDED that, as conceded by Defendant, Defendant shall pay Plaintiff his $50 court filing fee.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on August 30, 2022.*

---

[2] Moreover, the additional relief Plaintiff requests—"compensation for my time defending myself"—is not found among the costs potentially allowable under Rule 16 A of the Magistrate Division rules.