166                October 20, 2022                No. 8

IN THE OREGON TAX COURT
REGULAR DIVISION

Walter H. WOODLAND,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5446)

Plaintiff appealed a Magistrate Division decision regarding the use of payment of estimated taxes and made statutory and due process arguments. After Plaintiff filed his claim, Defendant Department of Revenue (the department) sent Plaintiff a notice that he did not owe the contested amount. On the department's motion to dismiss on the grounds of mootness, the court held that, by reducing the assessment against Plaintiff to zero, the issue became moot. Further, the court declined to exercise its discretion under ORS 14.175 to nonetheless continue the litigation, because the case was at an early stage and the facts not well developed and because the magistrate's decision adequately explained the state of the law, making further analysis of little benefit to the public.

Submitted on Defendant's Motion to Dismiss

Na Belle, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Walter H. Woodland, Plaintiff, filed a response *pro se*.

Decision for Defendant rendered October 20, 2022.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

This matter involves Plaintiff's liability for estimated income tax for tax year 2019. It comes before the court on a motion of Defendant to dismiss for lack of subject matter jurisdiction. *See* Tax Court Rule (TCR) 21 A(1).

## II.   FACTS

The following uncontested facts are stated in the complaint or are supported by evidence in the record. On July 15, 2020, Plaintiff mailed his Oregon personal income tax return for tax year 2019 to Defendant, along with a

certified check for the "total amount due on that tax return." From the remainder of the complaint, the court infers that the amount of the check equaled the full amount of tax shown on the accompanying 2019 return, and that Plaintiff therefore had not previously paid any amount of tax for tax year 2019, including through withholding or estimated tax installments. On September 14, 2020, Defendant issued a notice of assessment asserting that Plaintiff owed $116 in interest on the grounds that he had underpaid his estimated tax for tax year 2019.[1]

Plaintiff appealed to the Magistrate Division, challenging the legal basis for imposition of interest on underpayment of estimated tax. The magistrate decided the appeal in Defendant's favor on cross-motions for summary judgment, based in part on the following statutory analysis:

(1)     Oregon statutes require individuals who "reasonably expect[]" to have nonwage income above a specified threshold to pay estimated tax amounts in installments before the annual tax return is due. ORS 316.563(1)[2] (imposing reporting requirement), 316.577 (deadlines to declare estimated tax), 316.579) (deadlines to pay estimated tax, in installments).

(2)     An Oregon statute imposes interest when a taxpayer underpays the installment amount due. ORS 316.587(1) ("if an individual makes an underpayment of estimated tax, interest shall accrue").

(3)     The same Oregon statute allows a taxpayer to avoid interest by paying installment amounts based on a percentage of the prior year's tax amount instead of estimating the tax due for the current year. This "safe harbor" statute delegates to Defendant the task of establishing the specific percentage by administrative

---

[1] The court notes that, in his response to Defendant's Motion to Dismiss, Plaintiff alleges that Defendant also issued a distraint warrant, to seek collection of the assessed interest, on September 8, 2021. Plaintiff's complaint does not allege this fact specifically, but the complaint refers to "punitive collection actions against me." The limited record in this division of the court does not indicate whether or how Defendant sought to enforce any such warrant before or after Plaintiff filed his appeal in the Magistrate Division.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition, except where indicated otherwise.

rule. ORS 316.587(8) (referring to "percentage of the tax shown on the return filed by the individual for the preceding taxable year that is established by the Department of Revenue by rule"); ORS 316.563(2).

(4) Defendant has adopted such a "safe harbor" rule. The rule allows taxpayers to avoid interest if their estimated tax payments are based on 100 percent of the prior year's tax amount. OAR 150-316-0493(3)(a)(B) (as in effect in 2019).

The magistrate also analyzed whether the Due Process Clause of the 14th Amendment to the United States Constitution requires judicial approval before the state may assess income tax and interest, or undertake collection of either. The magistrate concluded that judicial review need not be provided before the state undertakes these activities, so long as the state provides taxpayers with "'a fair opportunity to challenge the accuracy and legal validity of their tax obligation'" after the state has acted. *Quoting McKesson Corp. v. Div. of Alcoholic Beverages*, 496 US 18 at 39, 110 S Ct 2238, 110 L Ed 2d 17 (1990). The magistrate outlined the statutes governing Oregon's procedures for income tax audits and appeals and concluded that those procedures satisfy due process requirements because they allow for "multilevel reviews by Defendant in an administrative setting, and multi-level reviews by the courts."

On June 13, 2022, Plaintiff appealed to this division of the court, asserting that there is no "statutory authority to use a prior year's tax liability as a *** basis for calculating interest on underpayment of estimated taxes" and that Defendant had violated Plaintiff's right to due process of law.

On July 13, 2022, Defendant sent Plaintiff a notice stating, in relevant part:

"The Notice of Assessment *** dated September 14, 2020 indicated an amount due of $116. This notice has been reversed and is considered invalid. You will not owe this amount."

On July 14, 2022, Defendant filed its motion to dismiss this case. On August 17, 2022, Plaintiff filed a response objecting

to dismissal, and he included a motion seeking summary judgment on the grounds that Defendant "has still not submitted an Answer to this Complaint as specified in TAX COURT RULE – 7, A(1)."

## III.   ISSUE

Should the court dismiss Plaintiff's appeal as moot?

## IV.   ANALYSIS

Defendant's motion asks the court to dismiss the case on the grounds that, "[b]ecause the Department reversed the 2019 NOA that is the subject of this appeal, there is no justiciable controversy for the Court to determine and Plaintiff's appeal is moot." In his response, Plaintiff acknowledges that Defendant has "reversed the assessment that made this complaint necessary." Plaintiff asserts, however, that "the reversal doesn't resolve the Due Process Violations and the DoJ's assertion of mootness lacks basis in fact."

The court starts with Plaintiff's second point, that the "assertion of mootness lacks basis in fact." The court disagrees. The uncontested factual basis for Defendant's motion is that Defendant informed Plaintiff, approximately one month after his complaint, that he does not owe the assessment from which he had appealed. That fact suffices to render Plaintiff's appeal moot. *See FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547 (2012). In *FedEx*, this court held that the taxpayer's payroll tax appeal became moot when Defendant announced during a hearing before trial that it had "abated the assessment and would take no action to renew the assessment \* \* \*." *Id.* at 548.  In this case, the July 13, 2022, notice to Plaintiff provides a similar assurance: "You will not owe this amount." The factual basis for mootness is clear.

The court turns to Plaintiff's first assertion, that Defendant's reversal of its position as to his liability "doesn't resolve the Due Process Violations." Plaintiff is correct in the sense that, even if a litigant claims that the other party acted unconstitutionally, when the court dismisses a case as moot, the court does not "resolve" the case by making public findings and issuing a judgment on the merits. This can

be frustrating to the litigant making the claim. However, a prime function of the doctrine of mootness is to allocate judicial resources to cases that require them. *See Couey v. Atkins*, 357 Or 460, 501, 355 P3d 866 (2015) (as of most recent major amendments to Oregon's constitutional provisions governing courts, "courts disposed of moot cases as a matter of prudence, discretion, and judicial economy"). In this case, even if the court were to conclude that Defendant violated Plaintiff's due process rights, a judgment to that effect would not reduce the assessment against Plaintiff, because Defendant already has reduced it to zero.

Having concluded that Plaintiff's appeal is moot, the court now examines whether the court nevertheless may or should consider Plaintiff's claim of unconstitutionality pursuant to principles that the Oregon legislature codified in 2007. ORS 14.175 (2021)[3] provides that a court may issue a judgment on the validity of an allegedly unconstitutional or otherwise illegal act by a public body, even if the specific act no longer has a practical effect on the party. The court can do this if (1) the party alleging the invalid act had standing to commence the appeal; (2) the act is capable of repetition (or, if the party is challenging a policy or practice that continues in effect); and (3) the challenged policy or practice, or similar acts, are likely to evade judicial review in the future. If all three criteria are satisfied, the court has discretion to decide whether to issue a judgment on the validity of the act.

In this case, the court finds it unnecessary to decide whether all of the criteria are satisfied, because the court now determines, based on the principle of judicial economy,

---

[3] ORS 14.175 (2021) provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

to exercise its discretion to not decide the case on the merits. First, as noted, the facts are not well developed at this stage of the case, and neither party has briefed the applicability of the three factors in ORS 14.175. *See Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 831, 398 P3d 449 (2017) ("We may * * * consider whether judicial economy supports addressing the issue presented by the litigation before us based on the existing record and circumstances or whether another, future case might present a more developed record or more thoroughly developed arguments."). Second, the court considers the benefit to the public of a full decision on appeal to be minor in this case. *See id.* at 832 ("[C]ourts may consider the relative public importance of the issues and the universe of people or interests potentially affected as part of its exercise of discretion."). Plaintiff frames his claim in general terms, challenging the overall sufficiency of the statutes and administrative rules that direct taxpayers to pay estimated taxes, and asserting a general right to judicial review before Defendant can assess and collect taxes. The magistrate's decision, as summarized above, explains the statutory framework that requires payment of estimated taxes. The court now finds little to add.[4] Likewise, the constitutional sufficiency of judicial review after taxes have been paid is well settled as a general proposition, and the record in this case does not raise facts or issues that justify further comment.

The court's conclusion that this case is moot renders Plaintiff's motion for summary judgment moot as well. *See Krisor v. Henry,* 256 Or App 56, 60, 300 P3d 199 (2013) (when a case becomes moot, "the entire case, including attorney fees, is moot"). And as with the substantive issues in the case, the court sees no benefit to the public that

---

[4] Although Plaintiff's statutory argument is incorrect, the court recognizes that the estimated tax statutes are less than user-friendly, given that the provisions creating the "safe harbor," on which the overwhelming majority of individuals likely rely, are difficult to locate within a complex regime that must address many possible situations and contingencies. *See generally* Boris Bittker, Martin J. McMahon & Lawrence Zelenak, *Federal Income Taxation of Individuals* ¶ 44.03[5] (3d ed 2022) (describing "estimated tax" as "a term that seems to embody a concept of subjective judgment by the taxpayer but that in reality is based on the amount of tax shown on the return for the current or preceding taxable year—in installments during the year prior to filing a return as a final reconciliation with payment of any balance due").

would support a discretionary decision on Plaintiff's motion. The motion is based on a misreading of TCR 7 A(1), which requires a defendant to "appear or defend" within 30 days of service of the complaint. An "appearance" includes a motion to dismiss under TCR 21; that rule *requires* the motion to be "made before pleading ***." A "pleading" includes an "answer." TCR 13 B.

## V.   CONCLUSION

The court concludes that this case has become moot by Defendant's issuance of the July 13, 2022, notice reversing the assessment and declaring to Plaintiff: "You will not owe this amount." The court concludes further that, even if the criteria articulated in ORS 14.175 allow the court to decide the case on its merits, the court should not do so for reasons of judicial economy. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.