IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ANTHONY DAVID APPELLOF, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170077G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed the offset of his 2013 tax refund to pay a 2011 tax liability. Defendant has not appeared in this case.

Plaintiff's original Complaint appealed Defendant's Notices of Refund Offset for the 2013 and 2014 tax years. Defendant did not answer Plaintiff's Complaint, and Plaintiff moved for default. The court issued an Order of Default against Defendant on June 9, 2017, requiring Defendant to seek leave of the court before appearing at future proceedings. Defendant did not file a motion or otherwise respond to the court's order. Plaintiff appeared at an uncontested evidentiary hearing on June 26, 2017, and his wife, Cirila Maria Appellof, testified on his behalf. At the hearing, Plaintiff stated that he had received the relief sought in the Complaint for the 2014 tax year and requested the opportunity to put the 2011 tax year at issue so that the issue of his 2013 refund could be resolved. On June 27, 2017, the court issued an order granting Plaintiff leave to file an amended complaint putting the 2011 tax year at issue.

/ / /

---

[1] This Final Decision incorporates the court's Decision, entered November 22, 2017, and is issued to resolve the issue of costs and disbursements. Plaintiff's Amended Complaint requested an award of his filing fee. The court did not receive a statement of costs and disbursements or an objection to Plaintiff's filing fee request within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C.

Plaintiff's Amended Complaint removed the claim for the 2014 tax year, added the 2011 tax year, and requested an award of his filing fee. Plaintiff attached several notices he and Ms. Appellof had received from Defendant. Defendant did not answer Plaintiff's Amended Complaint.

## I. STATEMENT OF FACTS

The timeline of events in this case is drawn from Ms. Appellof's testimony and the documents attached to the complaints. At all relevant times, Ms. Appellof had an outstanding debt with the U.S. Department of Education, and Plaintiff did not.

The Appellofs did not timely file Oregon income tax returns for 2011, 2013, and 2014. Some time in 2016, they received an assessment notice from Defendant imposing tax, penalties, and interest for 2011 amounting to $252.04.

Subsequently, the Appellofs filed joint returns for all three years and requested apportionment of their 2013 and 2014 refunds. The Appellofs claimed refunds of $345 in 2011, $137 in 2013, and $302 in 2014.

On December 5, 2016, Defendant issued the Appellofs its Notice of Refund Offset for 2013. That notice stated that the entire $137 refund had been offset to pay their 2011 personal income tax debt.

On January 10, 2017, Defendant issued the Appellofs its Notice of Refund Offset for 2014. That notice stated that the entire $302 refund had been offset to pay a debt to the U.S. Department of Education.

On January 17, 2017, Defendant issued the Appellofs its Notice of Proposed Refund Adjustment and Offset for 2011. That notice adjusted the Appellofs' 2011 refund to $137 and stated that the refund was "limited to the amount of payments * * * made in the past two years"

because Defendant had received the 2011 return more than three years after the due date. The notice also stated that the entire $137 refund had been offset to pay a debt to the U.S. Department of Education.

On April 20, 2017, Defendant issued Plaintiff its Refund Apportionment Denial for 2013. That letter stated that Plaintiff's request for an apportionment of his 2013 refund could not be processed because the refund had been applied to a debt he owed.

On April 21, 2017, Defendant issued a personal income tax refund check for 2014 in the amount claimed by the Appellofs, plus interest. Defendant's letter stated:

> "This refund is sent as we have changed our interpretation of laws and rules surrounding the State Reciprocal Program. We are now allowing refunds to be apportioned as you requested. The refund was calculated through our normal apportionment process. The fee you incurred by filing the case with the magistrate will be refunded to you in a separate mailing."

As stated above, Plaintiff has now withdrawn his appeal of the 2014 tax year. At the time of the hearing, Plaintiff had not yet received a check from Defendant for his filing fee in this court.

Plaintiff alleges the following error: "[M]y 2013 refund was applied to my wrongly assessed 2011 tax liability." He requests an award of a refund and his filing fee.

## II. ANALYSIS

The issue in this case is whether Defendant's offset of the Appellofs' 2013 refund to pay 2011 taxes was correct.

Generally, Defendant is required to refund overpayments of tax. ORS 314.415(1).[2] The amount to be refunded equals the amount by which the tax paid exceeds the amount shown as due on a return "originally filed with the Department of Revenue * * * or as corrected by the department[.]" ORS 305.270(1).

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

Limitations apply to Defendant's obligation to refund overpayments, however. One such limitation is Defendant's authority to collect debts owed to the state by offsetting "any refunds or sums due to the debtor from [Defendant] or any other state agency." ORS 293.250(3)(b). Thus, in calculating the amount of excess tax owed to a taxpayer, Defendant deducts "offsets for all amounts owed the state." *See* ORS 314.415(2)(b) (prohibiting *de minimus* refunds). Another limitation applies where a taxpayer does not file a return within three years of the due date. *See* ORS 314.415(2)(a). In such cases, Defendant is prohibited from refunding any excess payments other than those made within two years of filing the return. *Id*.

Defendant is authorized to enter into a reciprocal agreement with the federal government to offset state tax refunds for payment of federal debt. ORS 305.612. However, where jointly filing spouses request apportionment of their refund, Defendant must apportion the refund between the spouses before offsetting pursuant to any such reciprocal agreement. *Smith v. Dept. of Rev.*, TC–MD 160196N, WL 728738 (Or Tax M Div Feb 24, 2017).

Where a taxpayer fails to file a return after Defendant has issued a notice and demand to file, Defendant is authorized to determine and assess the tax "according to the best of its information and belief." ORS 314.400(2)(b). In such cases, Defendant assesses penalties in addition to tax. ORS 314.400(1) (5 percent of unpaid tax upon failure to file); 314.400(2)(a) (additional 20 percent of tax upon failure to file for three months); 314.400(2)(b) (additional 25 percent of tax deficiency determined by department). In cases where a taxpayer has failed to file for three consecutive years after the due date of the return, the maximum penalty is assessed: 100 percent of the tax liability "determined after credits and prepayments for each such year." ORS 305.992.

/ / /

Taxes imposed on income, as well as penalties and interest, are personal debts of the taxpayer to the State of Oregon. ORS 314.440(1). The tax liabilities of spouses filing joint returns are joint and several. ORS 316.367.

In the present case, Defendant—without the benefit of the Appellofs' return—originally assessed their 2011 tax liability at $252.04. Defendant offset the Appellofs' 2013 refund to pay that assessment. The refund was not divided between the spouses—even though they had requested apportionment—because the 2011 tax liability was joint and several. The entire $137 refund claimed for 2013 was thus paid toward the Appellofs' 2011 taxes on December 5, 2016.

The next month, Defendant completed processing the Appellofs' 2011 return. Defendant's Notice of Proposed Refund Adjustment and Offset indicated that the only adjustment was to limit the refund to the amount paid within the previous two years. *See* ORS 314.415(2)(a). By otherwise accepting the Appellofs' 2011 return as filed, Defendant eliminated the 2011 tax liability it had previously imposed. Because Defendant had applied the Appellofs' 2013 overpayment to their 2011 taxes in December, there was now an overpayment for 2011. Because that overpayment satisfied the two-year restriction of ORS 314.415(2)(a), it was available to be refunded to the Appellofs.

However, the 2011 overpayment was never refunded because Defendant offset it to pay Ms. Appellof's federal debt. The Appellofs had provided against that occurrence in 2013 and 2014 by requesting apportionment. However, they did not request apportionment of their 2011 refund. Because the 2013 overpayment had become a 2011 overpayment, it was not apportioned.

Appropriate as Defendant's actions appear given its limited information, on *de novo* review this court considers not merely the procedural correctness of Defendant's actions but the

factual determinations to which those actions relate. *See* ORS 305.410(1) (court has authority to determine questions of law and fact). The standard of proof in this court is a preponderance of the evidence; that is, a showing that an asserted fact is "more probably true than false." ORS 305.427; *Cook v. Michael*, 214 Or 513, 527, 330 P2d 1026 (1958).

Plaintiff's entitlement to a refund depends on whether Defendant's offset of the Appellofs' 2013 refund was correct. Defendant is authorized by ORS 293.250(3)(b) to offset refunds to collect debts owed to the state. Whether Defendant's offset was correct depends on whether the Appellofs owed a debt to the state, and that depends on whether Defendant's estimated 2011 assessment was correct.

On the evidence before the court, it is more likely than not that Defendant's estimated 2011 assessment was incorrect and that the Appellofs' later-filed return identified the correct 2011 tax. Defendant's original estimation was necessarily based on limited information, whereas the Appellofs presumably knew their own finances. Defendant's later acceptance of the 2011 return supports this determination. As Defendant did not appear in this case, it has presented no contradictory evidence. As indicated on Defendant's later Notice of Proposed Refund Adjustment and Offset for 2011, the Appellofs did not owe a debt to the state—rather, the Appellofs had overpaid their 2011 taxes.

Because Defendant has since revised its assessment to match the Appellofs' return, this case would be moot if it were simply an appeal of Defendant's original 2011 assessment notice. Cases become nonjusticiable and must be dismissed when "there is no possibility of a practical effect on the tax liability of a taxpayer." *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 549 (2012). However, in this case, whether the 2011 assessment notice was correct does make a difference. The 2011 tax liability imposed by that notice justified the offset of the

Appellofs' 2013 refund. Because of Ms. Appellof's debt and the fact that no apportionment was requested in 2011, that refund cannot be returned to Plaintiff through the usual statutory mechanism. *See* ORS 314.415(2)(a) (allowing refunds of payments made in the prior two years). Because Plaintiff was injured by Defendant's 2011 assessment notice, this case is justiciable.

### III.  CONCLUSION

Because the Appellofs did not owe 2011 taxes at the time their 2013 refund was offset, the 2013 Notice of Refund Offset must be reversed. Because the Appellofs requested apportionment for 2013, the refund must be divided between the spouses. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant shall cancel its 2013 Notice of Refund Offset.

IT IS FURTHER DECIDED that Defendant shall divide the Appellofs' 2013 refund and issue Plaintiff his portion of it.

IT IS FURTHER DECIDED that Defendant shall pay to the court Plaintiff's deferred filing fee of $252.

Dated this ____ day of December, 2017.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on December 12, 2017.*