On petition for reconsideration submitted May 4,* petition for reconsideration allowed, former opinion (340 Or 241, 131 P3d 737) adhered to August 3, 2006

Jeffrey B. KERR,
Michael Kelley, and Jann Carson,
*Respondents on Review,*

*v.*

Bill BRADBURY,
Secretary of State
for the State of Oregon,
*Petitioner on Review.*

(CC 02C-21814; CA A121744; SC S51503)

140 P3d 1131

Charles F. Hinkle, ACLU Foundation of Oregon, Inc., filed the petition for reconsideration.

No appearance *contra.*

DE MUNIZ, C. J.

_____

* *Kerr v. Bradbury*, 340 Or 241, 131 P3d 737 (2006).

## DE MUNIZ, C. J.

Jeffrey B. Kerr, Michael Kelley, and Jann Carson (petitioners) seek reconsideration of this court's decision in *Kerr v. Bradbury*, 340 Or 241, 131 P3d 737 (2006). We allow their petition for reconsideration and adhere to our decision as issued.

The controversy that gave rise to this case involved a initiative petition approved by the Secretary of State for circulation and signature gathering. Petitioners contended that, as approved, the petition violated the "full text" provision of Article IV, section 1(2)(d),[1] of the Oregon Constitution and brought an action against the Secretary of State seeking declaratory and injunctive relief. The Secretary of State prevailed at trial, but, on appeal, the Court of Appeals reversed the trial court's judgment. Shortly after that decision issued, the time limit for signature gathering expired without the initiative's sponsors submitting the necessary petition signatures to the Secretary of State's office. As a result, the initiative was not placed on the ballot for consideration by the voters. The Court of Appeals went on to award attorney fees to petitioners as the prevailing parties, and the Secretary of State sought review in this court.

Ultimately, we concluded that the case was no longer justiciable and dismissed the Secretary of State's petition for review as moot. *Kerr*, 340 Or at 243. In the course of doing so, we were also called on to consider whether we should vacate the judgments below. As part of our explanation regarding why vacatur was unnecessary, we wrote:

"Mootness in this case did not result from any unilateral act by the Secretary of State. However, the issue before us is whether we should vacate the decision of the Court of Appeals to prevent inequity or unfairness to the Secretary of State. Several facts militate against requiring vacatur here. *First, the unreviewed decision of the Court of Appeals*

---

[1] Article IV, section 1(2)(d), provides:

"An initiative petition shall include the full text of the proposed law or amendment to the Constitution. A proposed law or amendment to the Constitution shall embrace one subject only and matters properly connected therewith."

*does not preclude the Secretary of State from prospectively
executing his official duties in accordance with the views he
espoused here regarding the "full text" provision of Article
IV, section 1(2)(d). In the future, the Secretary of State may
do so and may elect either to defend that view in response to
litigation that other parties might file, as he did here, or he
may initiate a proceeding, such as a request for a declara-
tory judgment under ORS 28.020, seeking clarification of
his duties under the constitution.* A denial of vacatur in this
instance will neither inhibit the Secretary of State from
administering his office as he sees fit nor require him to
acquiesce in a constitutional interpretation with which he
does not agree."

*Id.* at 251 (emphasis added; footnote omitted).

Focusing, in part, on the text highlighted above,
petitioners now contend that the court has departed from
prior Oregon law. Specifically, petitioners argue that this
court has

"held that the Secretary of State may ignore the law as the
Court of Appeals has stated it, thus reducing the effect of
the Court of Appeals decision in this case to that of 'a
restricted railroad ticket, good for this day and train only.'
*Smith v. Allwright*, 321 US 649, 669, 64 S Ct 757, 88 L Ed
987 (1944) (Roberts, J., dissenting)."

On reconsideration, petitioners ask us to "disavow" that hold-
ing and reaffirm the principle that responsible state officials
not only will, but must, honor all declarations of law made by
the Court of Appeals.

Our holding in *Kerr* is not, as petitioners depict, a
license granted to the Secretary of State to now ignore the
Court of Appeals decision in this case. We left that decision in
place after the parties' controversy became moot, and, in so
doing, also quoted, with approval, the United States
Supreme Court's observation that " '[j]udicial precedents are
presumptively correct and valuable to the legal community
as a whole.' " *Kerr*, 340 Or at 250 (quoting *U.S. Bancorp
Mortgage Company v. Bonner Mall Partnership*, 513 US 18,
26, 115 S Ct 386, 130 L Ed 2d 233 (1994)). Having preserved
the Court of Appeals decision here, we will not assume that
the Secretary of State—nor any of the parties, for that
matter—will now refuse to adhere to it.

That said, however, our holding in *Kerr* accurately reflects the degree to which the Court of Appeals decision should be regarded as controlling authority. Although that decision binds the parties in this case, and binds lower courts, it is not the last word on the full text provision of the Oregon Constitution, because mootness has denied the Secretary of State the opportunity to test, in this court, the merits of the Court of Appeals' holding on that issue. The Secretary of State, in an appropriate circumstance, may seek a ruling from this court on the constitutional question that previously eluded our review in this case. Petitioners' other arguments on reconsideration do not merit further discussion.

The petition for reconsideration is allowed, and the former opinion is adhered to.