Considered and under advisement on March 8; petition for peremptory or alternative writ of mandamus denied; notwithstanding ORAP 9.25(1), the State Court Administrator shall issue appellate judgment on March 23, unless petition for reconsideration is filed by March 22; notwithstanding ORAP 9.25(2), if petition for reconsideration is filed, response to petition may be filed by March 24; timely petition for reconsideration shall stay issuance of appellate judgment until court acts on petition March 18, 2022.

State ex rel James OFSINK,
Rebecca Gladstone, and Jason Kafoury,
the Chief Petitioners on Initiative Petitions
2022-43, 2022-44, and 2022-45,
*Plaintiffs-Relators,*

*v.*

Shemia FAGAN,
Secretary of State
of the State of Oregon,
*Defendant.*

(S069266)

505 P3d 973

After the Secretary of State disqualified Initiative Petitions 43, 44, and 45 (2022), which concern campaign financing, from appearing on the November 2022 general election ballot for failing to comply with a constitutional requirement, relators—the chief petitioners—initiated this mandamus proceeding. *Held*: Considering a variety of factors, including the potential frustration of legislatively established remedies, the opportunity to pursue an issue in a future election, and the burden on the exercise of the initiative power from last minute challenges, the court declined to exercise its original, discretionary mandamus jurisdiction.

The petition for a peremptory or alternative writ of mandamus is denied. Notwithstanding ORAP 9.25(1), the State Court Administrator shall issue the appellate judgment on March 23, 2022, unless a petition for reconsideration is filed by March 22, 2022. Notwithstanding ORAP 9.25(2), if a petition for reconsideration is filed, a response to the petition may be filed by March 24, 2022. A timely petition for reconsideration shall stay issuance of the appellate judgment until the court acts on the petition.

En Banc

Original proceeding in mandamus.

Daniel Meek, Portland, filed the petition and memorandum of law for plaintiffs-relators.

Kirsten M. Naito, Assistant Attorney General, Salem, filed the replying memorandum for defendant. Also on the memorandum were Benjamin Gutman, Solicitor General, and Ellen F. Rosenblum, Attorney General.

PER CURIAM

The petition for a peremptory or alternative writ of mandamus is denied. Notwithstanding ORAP 9.25(1), the State Court Administrator shall issue the appellate judgment on March 23, 2022, unless a petition for reconsideration is filed by March 22, 2022. Notwithstanding ORAP 9.25(2), if a petition for reconsideration is filed, a response to the petition may be filed by March 24, 2022. A timely petition for reconsideration shall stay issuance of the appellate judgment until the court acts on the petition.

**PER CURIAM**

Relators ask this court for extraordinary relief. They ask that we issue an alternative writ of mandamus directing the Secretary of State to withdraw her orders that disqualified their initiative petitions from appearing on the November 2022 general election ballot, order expedited briefing in this mandamus matter, and issue an expedited decision and a peremptory writ, which will give them the time that they deem necessary to complete the remaining steps to ensure that their petitions are placed on the ballot.[1]

Generally, a petition for mandamus relief is not "the accepted and proper way to secure judicial review of decisions of the Secretary of State under the election laws." *State ex rel Sajo v. Paulus*, 297 Or 646, 648, 688 P2d 367 (1984). Other statutory remedies are available to address such decisions. *See, e.g.*, OAR 165-014-0028(6) (providing for review of the secretary's orders concerning compliance with procedural constitutional requirements in the Marion County Circuit Court under ORS 183.484, which governs judicial review of orders in other than contested cases, or under ORS 246.910, which governs appeals by persons adversely affected by orders made by the secretary under any election law); ORS 34.105 - 34.240 (providing for mandamus actions in circuit court); ORS 28.010 - 28.160 (providing for declaratory judgment actions). This court will consider permitting a petitioner to bypass those statutory processes, with the court exercising its original, discretionary mandamus jurisdiction under Article VII (Amended), section 2, of the Oregon Constitution, only when those processes do not provide a "plain, speedy and adequate remedy," ORS 34.110, and then only in exceptional circumstances reserved for the most important and novel issues, *Sajo*, 297 Or at 648.

As illustrated in the case that relators cite in support of their contention that the secretary erroneously disqualified their petitions—*Kerr v. Bradbury*, 193 Or App

---

[1] Relators are the chief petitioners of Initiative Petitions 43, 44, and 45 (2022), which concern campaign financing. The secretary rejected the petitions because they did not satisfy the full text requirement of Article IV, section 1(2)(d), of the Oregon Constitution, which provides, in part, that "[a]n initiative petition shall include the full text of the proposed law or amendment to the Constitution."

304, 89 P3d 1227 (2004), *rev dismissed as moot*, 340 Or 241, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006)—this is not a case in which other statutory avenues are not available. Notably, in *Kerr*, the parties' dispute about whether a 2004 initiative petition satisfied a predicate constitutional requirement arose in the context of an action for declaratory relief. *Id.* at 309-10; *see also Whitehead v. Fagan*, 369 Or 112, 501 P3d 1027 (2021) (initiative supporters filed action against secretary under both ORS 246.910 and the declaratory judgment statutes after she disqualified initiative petitions).

And this is not a case in which exceptional circumstances persuade us that the issue that relators raise is so novel and significant, and that immediate resolution is so imperative, that we should exercise our discretionary mandamus jurisdiction on an expedited basis. *Cf. State ex rel Kristof v. Fagan*, 369 Or 261, 285, 504 P3d 1163 (2022) (exercising discretion in candidate qualification case to resolve "novel legal question"); *State ex rel Kotek v. Fagan*, 367 Or 803, 484 P3d 1058 (2021) (exercising discretion to establish a revised decennial reapportionment schedule where impossibility prevented compliance with constitutional deadlines). In a circumstance like this, in which petitioners propose a change in Oregon law but their petition is disqualified by the secretary, petitioners' efforts may be delayed, but they are not foreclosed. In that circumstance, petitioners typically have an opportunity to resubmit the same or a similar measure in the relatively near future. And here, relators could have begun the initiative process earlier, so that, if the secretary identified deficiencies, relators could have taken timely steps to contest or cure them within the same election cycle.[2] Because of "the substantially negative impact that rushed, last minute reviews would have on the exercise of the initiative power, this court has been and should be very wary of last minute challenges." *State ex rel Fidanque v. Paulus*, 297 Or 711, 718, 688 P2d 1303 (1984).

Considering a variety of factors, including the potential frustration of legislatively established remedies,

---

[2] Relators filed their petitions in early December 2021, and the secretary issued her orders rejecting them on February 9, 2022.

the opportunity to pursue an issue in a future election, and the burden on the exercise of the initiative power from last minute challenges, we decline to exercise our discretionary mandamus jurisdiction in this case. Accordingly, we deny relators' petition for a peremptory or alternative writ of mandamus.

The petition for a peremptory or alternative writ of mandamus is denied. Notwithstanding ORAP 9.25(1), the State Court Administrator shall issue the appellate judgment on March 23, 2022, unless a petition for reconsideration is filed by March 22, 2022. Notwithstanding ORAP 9.25(2), if a petition for reconsideration is filed, a response to the petition may be filed by March 24, 2022. A timely petition for reconsideration shall stay issuance of the appellate judgment until the court acts on the petition.