334 September 19, 2023 No. 22

IN THE SUPREME COURT OF THE
STATE OF OREGON

Walter H. WOODLAND,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon
*Defendant-Respondent,*

(TC 5446) (SC S069937)

En Banc

On appeal from the Oregon Tax Court.*

Robert T. Manicke, Judge.

Submitted on the briefs June 20, 2023.

Walter Woodland, Yamhill, filed the brief *pro se*.

Emily N. Snook, Assistant Attorney General, Salem, filed the brief for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

JAMES, J.

The judgment of the Tax Court is affirmed.

------------

\* 25 OTR 166 (2022).

**JAMES, J.**

Taxpayer Walter H. Woodland appealed the Department of Revenue's assessment of $116 in interest for unpaid estimated taxes in 2019. During the pendency of that appeal, the department invalidated the assessment and agreed that taxpayer did not owe that interest. The Regular Division of the Oregon Tax Court[1] accordingly dismissed taxpayer's appeal as moot. We affirm.

## I.   FACTS

The following facts appear to be undisputed. After taxpayer paid his income taxes for tax year 2019, the department concluded that taxpayer had underpaid his estimated income tax for 2019, so it assessed taxpayer $116 in interest. *See* ORS 316.587(1) (interest accrues when estimated income tax has been underpaid).

Taxpayer appealed the $116 assessment to the Magistrate Division of the Tax Court, contending in part that the department lacked authority to require estimated tax payments. The magistrate ruled on the merits and granted summary judgment in favor of the department.

Taxpayer then appealed to the Regular Division of the Tax Court. *See* ORS 305.501(5)(a) (authorizing appeals from Magistrate Division to Regular Division). Taxpayer again appeared to challenge the department's authority to require any taxpayer to pay estimated taxes.

The department later filed a motion to dismiss, explaining that it had cancelled the assessment due to an error in the notice procedures. Accordingly, the department contended that the appeal was moot. Taxpayer did not dispute that the assessment had been cancelled, but he contended that the court should nevertheless adjudicate his arguments regarding the department's authority to require estimated tax payments.

The Tax Court granted the department's motion to dismiss, concluding that the assessment's invalidation

_____

[1] The Tax Court is a single court with two divisions: the Magistrate Division and the Regular Division. *See Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014) (so explaining). For purposes of this opinion, we will generally use "Tax Court" to refer to the Regular Division.

meant the appeal was moot. The court also declined to exercise its discretion to consider taxpayer's broader challenges to the department's authority, despite mootness, under ORS 14.175, the "capable of repetition, yet evading review" statute.[2] Taxpayer now appeals that decision to this court. ORS 305.445.

## II. DISCUSSION

As framed by the litigants, there are two matters before us in this appeal: whether the Tax Court correctly concluded that the underlying matter was moot, and whether the Tax Court, although possessing the discretion to consider matters "capable of repetition but evading review" under ORS 14.175, abused that discretion in declining to reach the merits of taxpayer's arguments. We begin with the propriety of the Tax Court's holding that taxpayer's appeal was moot.

A matter is moot if (among other things) a decision of the court can have no practical effect on the rights of the parties. *See, e.g.*, *Dept. of Human Services v. P. D.*, 368 Or 627, 631, 496 P3d 1029 (2021) ("when it becomes clear that resolving the merits of a claim will have no practical effect on the rights of the parties, an appellate court may dismiss an appeal as moot"); *Multnomah County v. Mehrwein*, 366 Or 295, 332, 462 P3d 706 (2020) (part of appeal relating to county ordinance that required disclaimers about funding be attached to communications in support of a candidate had become moot; "the county [has since] amended the disclosure provisions of its ordinance and a decision about the validity of the former provisions will have no practical effect"); *Penn v. Board of Parole*, 365 Or 607, 612, 451 P3d 589 (2019) ("given that petitioner no longer is subject to the supervisory condition [of post-prison supervision] that he challenges, a decision by this court in the matter will not have a practical effect on his rights—in other words, his appeal is moot"); *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15-16, 376 P3d 288 (2016) (discussing cases); *see also Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018)

---

[2] As we have noted before, ORS 14.175 may not represent "the full scope of a court's constitutional authority to decide moot cases." *Penn v. Board of Parole*, 365 Or 607, 613 n 2, 451 P3d 589 (2019).

("A case becomes moot when a decision on the merits would resolve merely an abstract question without practical effect." (Internal quotation marks and citation omitted.)).

In *Eastern Oregon Mining Association*, the petitioners had challenged the validity of a five-year permit issued by the Department of Environmental Quality in 2010. *See* 360 Or at 13. The permit had expired while the matter was pending in the Court of Appeals, and that court dismissed the matter as moot. *Id*. at 14. On review, this court agreed:

> "In this case, petitioners' principal challenge is to the validity of the 2010 permit. That permit has expired. A judicial declaration as to the validity of the 2010 permit can have no possible practical effect on the rights of the parties in relation to that permit."

*Id*. at 16.

The underlying principle of mootness when a levied tax is cancelled is not novel. In 1890, the United States Supreme Court dismissed an appeal seeking to annul tax assessments for street improvements because counsel had admitted during oral argument that the assessments had already been annulled by another court. *Washington Market Co. v. District of Columbia*, 137 US 62, 11 S Ct 4, 34 L Ed 572 (1890).

The issue before the Tax Court was the same as in the Magistrate Division: whether taxpayer owed the department $116 in interest for underpaying his 2019 estimated income tax. The propriety of the department's assessment was the basis of taxpayer's appeals to the Magistrate Division and the Regular Division. Taxpayer's arguments were properly before those courts, then, only to the extent that they bore on whether taxpayer could be required by law to pay that $116.

The department has since cancelled that particular assessment. The taxpayer thus has already obtained all the relief possible in this appeal, because the department has agreed that he does not owe that $116. *See Eastern Oregon Mining Association*, 360 Or at 16 (petition for judicial review was moot once 2010 permit expired; petitioners had sought "judicial review of a *specific agency order*—the

2010 permit—not some abstract legal position that DEQ has taken" (emphasis in original)). Taxpayer's arguments that the assessment was invalid for *other* reasons will not get him any extra relief; the $116 debt cannot be cancelled more than once. As the Tax Court correctly concluded, any ruling on the merits would have no practical effect on taxpayer's rights regarding the $116.

Additionally, although taxpayer's complaint in the Tax Court had sought "recompense for my time and direct costs for disputing [the department's] assessment and collection actions," the possibility that the Tax Court might award attorney fees and reasonable expenses in an income tax case, see ORS 305.490(4), is not enough to make a moot case justiciable. *See Kerr v. Bradbury*, 340 Or 241, 245, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006) (unappealed award of attorney fees by Court of Appeals did not make otherwise moot case justiciable).

Accordingly, the Tax Court did not err in concluding that the matter was moot. That does not fully resolve the matter, however. ORS 14.175 gives a court authority, in some circumstances, to address such arguments, "even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party." We therefore turn to the second question: whether the Tax Court abused its discretion in declining to address taxpayer's additional arguments under that statute.

ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body *** is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1)   The party had standing to commence the action;

"(2)   The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3)   The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

The decision to address the merits, despite mootness, under ORS 14.175 is a discretionary decision for a court. As we explained in *Eastern Oregon Mining Association*, ORS 14.175 "*permits* a court to issue a judgment on the validity of the challenged act or policy." 360 Or at 19 (emphasis in original). But "courts are not *required* to decide any and every moot case that falls within the terms of ORS 14.175." *Penn*, 365 Or at 613 (emphasis in original). The statute "leaves it to the court to determine whether it is appropriate to adjudicate an otherwise moot case under the circumstances of each case." *Couey v. Atkins*, 357 Or 460, 522, 355 P3d 866 (2015).

Here, the Tax Court explained its exercise of discretion on various grounds of judicial economy. Considerations of judicial economy are valid reasons for a court to decline to address a moot matter. *See Couey*, 357 Or at 501 (reviewing opinions); *id*. at 503 (same). Nothing suggests that the Tax Court abused its discretion when it chose not to consider taxpayer's additional arguments.

To the extent that taxpayer is asking us to independently address his arguments regarding the department's authority, we also decline to do so. Even if ORS 14.175 might otherwise give this court authority to reach the now moot-arguments (and we do not decide if it does), we would decline to exercise our discretion to address them, for essentially the same reason of judicial economy that had been articulated by the Tax Court.[3]

The judgment of the Tax Court is affirmed.

---

[3] We do not suggest that taxpayer's claims have merit. We decide only that we will not explore the merits in the context of this case.