IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROBERT L. McKEAN                          )
and ROBERTA M. McKEAN,                     )
                                          )
            Plaintiffs,                    )      TC-MD 230025G
                                          )
      v.                                   )
                                          )
DEPARTMENT OF REVENUE,                     )
State of Oregon,                           )
                                          )
                                          )
            Defendant.                     )      **DECISION OF DISMISSAL**

This matter came before the court on Defendant's Motion to Dismiss and Plaintiffs'

request for costs. In its motion, Defendant states it has granted Plaintiffs the relief requested in

the Complaint. In their response, Plaintiffs state they do not object to dismissal, but request an

award of their $50 filing fee.

Where a taxing authority grants all the relief requested in a pending case, that case

becomes moot. *Woodland v. Dept. of Rev.*, 371 Or 334, 337–38, __ P3d __ (2023) (affirming

Tax Court's ruling to that effect). Moot cases are subject to dismissal because a "ruling on the

merits would have no practical effect on [the] taxpayer's rights." *Id*. at 338. The rights in

question do not include collateral claims for attorney fees or costs; courts do not retain

jurisdiction over cases solely to decide questions of costs.[1] *Id*. Where a case is dismissed as

moot, the entire case is dismissed, including claims for fees and costs. *See Hoggard v. Dept. of

Rev.*, 23 OTR 406, 412 (2019) (stating law respecting attorney fees while retaining jurisdiction

/ / /

---

[1] Under ORS 14.175, courts may retain jurisdiction to address moot challenges to public bodies' policies or
practices. There is no such challenge in the present case.

under ORS 14.175); *Myers v. Dept. of Rev.*, TC–MD 190192N, 2021 WL 4902113 (Or Tax M Div, Oct 21, 2021) (holding court may not consider cost request in moot case).

Indeed, a party in a mooted case would be ineligible for costs. The court is authorized to award costs only to a "prevailing party." TCR–MD 16 B.[2] However, "prevailing party" is a defined term; in the analogous case of attorney fee awards, it refers to a party receiving relief from "a favorable judgment or arbitration award on the claim." ORS 20.077(2).[3] Taxpayers are not entitled to fee awards where the tax is abated without a court order, notwithstanding that the litigation catalyzed the abatement. *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 550 n 3 (2012) (noting Oregon does not follow so-called "catalyst theory").

The present case was rendered moot by Defendant's abatement of the tax and is subject to dismissal. Because the relief was not ordered by the court, Plaintiffs are not "the prevailing party" and are not entitled to an award of costs. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss be and hereby is granted.

IT IS FURTHER ORDERED that Plaintiffs' request for costs and disbursements be and hereby is denied.

Dated this ＿＿ day of October 2023.

_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

---

[2] Tax Court Rules – Magistrate Division (TCR–MD)

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on October 3, 2023.*