552 May 8, 2024 No. 309

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN CHARLES SALMONS,
aka John Salmons, aka John C. Salmons,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR49212; A178819

Kelly W. Ravassipour, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Appeal dismissed.

**HELLMAN, J.**

Defendant appeals from the trial court's order revoking probation and imposing a term of incarceration. In his sole assignment of error, he argues that the trial court impermissibly determined that he violated a probation condition that prohibited him from possessing "incendiary devices." For the reasons that follow, we dismiss the appeal.

In January 2022, defendant pleaded guilty to second-degree arson, ORS 164.315. As a condition of his two-year probation, defendant was ordered to "[p]ossess no incendiary devices during the term of probation." The probation conditions do not define the term "incendiary device," nor do they reference an applicable statutory definition. In April 2022, police found defendant near a small fire contained in an energy drink can. He had a Bic lighter with him. The trial court revoked defendant's probation, determining that, for purposes of the probation condition, the Bic lighter was an incendiary device because it could be used to start a fire. As a consequence, the trial court sentenced him to 180 days in custody and two years of post-prison supervision.

On appeal, defendant challenges that ruling, arguing the trial court lacked sufficient evidence to revoke probation because ORS 166.660, which prohibits unlawful paramilitary activity, indicates that a Bic lighter is not an "incendiary device." The state disputes that ORS 166.660 applies to this case and argues that, under the plain and common definitions of "incendiary" and "device," the probation condition prohibited defendant from possessing the Bic lighter.

We do not need to conclusively decide the meaning of the term "incendiary device" or whether the trial court abused its discretion when it revoked probation. After the trial court revoked defendant's probation in this case, a jury convicted defendant of first-degree arson, ORS 164.325, and six counts of second-degree criminal mischief, ORS 164.354, and he was sentenced to 204 months in prison with a three-year post-prison supervision term. We affirmed those convictions without opinion. *State v. Salmons*, 331 Or App 823, ___ P3d ___ (2024). Even if we were to conclude that the

trial court erred in revoking probation, the remedy would be to reinstate defendant's probation, which would overlap with the sentence in his subsequent case. Accordingly, our decision in this case would have no practical effect on defendant's rights and this case is moot. *Woodland v. Dept. of Rev.*, 371 Or 334, 336, 536 P3d 985 (2023) ("A matter is moot if *** a decision of the court can have no practical effect on the rights of the parties.").

Appeal dismissed.