IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DEBRA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250122R |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's July 31, 2025, Motion to Dismiss (Motion) the appeal based on mootness. Plaintiff filed her reply on August 8, 2025, and supplemented her response on August 11, 2025.[1] The matter is ready for decision.

## I. PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint with this court on April 14, 2025, appealing a Real Property Order from the Douglas County Property Value Appeals Board. The parties were unable to resolve a dispute about the soil quality found at the subject property and instead agreed on a briefing schedule for cross-motions for summary judgment.

On July 11, 2025, Plaintiff filed her motion for summary judgment and requested costs in the amount of $675. While Plaintiff's motion was pending, Defendant conducted a site inspection and subsequently cancelled the contested assessment. Defendant then filed the instant Motion based on mootness. (Def's Mot to Dismiss at 1-2.)

On August 1, 2025, the court entered a Revised Scheduling Order noting that the issue in the case had substantially changed since Plaintiff filed her Motion for Summary Judgment and gave her an opportunity to explain why the Oregon Supreme Court's decision in *Woodland v.*

---

[1] Plaintiff's supplemental response is dated August 7, 2025, but was filed August 11, 2025.

*Department of Revenue,* 371 Or 334, 536 P3d 985 (2023) should not control the outcome of this case.

## II. ANALYSIS

The issues in this case are whether the appeal is moot and whether the court may award Plaintiff costs and disbursements after Defendant abated the assessment, which was the subject of Plaintiff's appeal.

Plaintiff's complaint and motion for summary judgment contend that the assessor could not lawfully increase the maximum specially assessed value (MSAV) by more than three percent based on a federal soil study. (Ptf's Request for Summ J at 1.) Plaintiff argues the increase violated Measure 50, the Oregon Constitution, and applicable statutes, and that Defendant's reliance on OAR 150-308-1090(2)(b) was misplaced.[2] (*Id.*)

Defendant canceled its assessment during the pendency of this case and after conducting a site inspection. When a taxing authority cancels or abates an assessment while an appeal is pending, there is no longer a live controversy about liability. The Oregon Supreme Court affirmed that result in *Woodland*, holding that the possibility of an attorney-fee award under ORS 305.490 does not keep a mooted case alive.[3] *Woodland*, 371 Or at 335. The court explained that mootness applies when a decision "can have no practical effect on the rights the parties." *Id*. at 366 (citation omitted.) Here, Defendant's cancellation of the assessment eliminated any remaining tax liability. Accordingly, the appeal is moot.

Plaintiff impliedly argues that the court should maintain jurisdiction under ORS 14.175, which allows courts to decide cases that are "capable of repetition, yet evading review." In

---

[2] Oregon Administrative Rule (OAR).

[3] The court's references to the Oregon Revised Statutes (ORS) are to the 2023 edition.

*Woodland,* the Supreme Court held that whether to retain jurisdiction under ORS 14.175 is a matter of trial court discretion. *Woodland*, 371 Or at 336. There, the court found no abuse of discretion when the Tax Court declined to reach the merits after the case became moot. *Id.* at 336. Plaintiff asserts that Defendant has taken similar actions against "dozens of properties[,] including [Plaintiff's] brother's farm[.]" (Ptf's Ltr dated Aug 7, 2025.) However, Plaintiff offers no evidence to support that assertion. Even if recurrences were shown, decisions of the Magistrate Division are nonprecedential. *See* ORS 305.430(1) ("Proceedings before the [M]agistrate [D]ivision shall not be reported.") Continuing to litigate would have no practical effect on the parties or the public and would be contrary to judicial economy.

The Magistrate Division has previously applied the logic of mootness to deny such requests.[4] In *Myers v Dept. of Rev.*, TC-MD 190192N (Or Tax M Div, Oct 21, 2021), the Department of Revenue abated an assessment, and the magistrate dismissed a request for costs and disbursements based on lack of jurisdiction. See also *Fedex Ground v Department of Revenue*, 20 OTR 547 (2012). Again, in *McKean v Dept. of Rev.*, TC-MD 230025G (Or Tax M Div, Oct 3, 2023), this court expressly held courts "do not retain jurisdiction over cases solely to decide questions of costs." (Adding that costs are only available to a "prevailing party," and a taxpayer is not "prevailing" where relief came by abatement without a court order.)

Defendant argues that mootness deprives the court of jurisdiction to award costs and disbursements. (Def's Mot to Dismiss at 3.) The parties do not dispute that Defendant's abatement of the challenged assessment provided all the tax relief Plaintiff requested.

///

---

[4] Because it was not argued, this court takes no position on whether an award of costs and disbursements should be treated differently than awards of attorney's fees in a moot case.

The case is therefore nonjusticiable, and the court finds no authority to award Plaintiff's request for costs and disbursements.

### III. CONCLUSION

Because Defendant canceled the assessment at issue and granted the requested relief, Plaintiff's appeal is moot. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed, and each party will bear its own costs.

 

 

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on September 15, 2025.*